RECEIVED
C. WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7/16/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHRISTOPHER MOORE-BEY　　　　　　　DOCKET NO. 15-CV-1199; SEC. P.
(#02315-097)
A.K.A. CHRISTOPHER MOORE

VERSUS　　　　　　　　　　　　　　JUDGE DRELL

DONNY CARTRETTE, ET AL.　　　　　MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Christopher Moore-Bey, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1] and the Federal Tort Claims Act. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at United States Penitentiary Lee in Jonesville, Virginia. He complains that he was held in segregation without due process in violation of his constitutional rights, was subjected to excessive force and unconstitutional conditions of confinement, and was wrongfully transferred from USP-Pollock.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on October 24, 2012, he was placed in

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

segregation for forty-three days without due process or a detention order. On December 12, 2012, a special investigation began and, ultimately, Plaintiff was transferred out of USP-Pollock.

In an amended complaint, Plaintiff complained that he was subjected to excessive force on October 24, 2012, when Captain Donny Cartrette conducted a pat search. He alleges that Cartrette pushed Plaintiff's head against the wall "jarring one of his molars loose." [Doc. #6, p.21] Plaintiff also added a claim in the amended complaint that "during the winter months," he was not provided appropriate clothing to keep him warm in the recreation yard. He complains that he had to exercise in his boxer shorts and t-shirts despite "freezing rain, blistering winds, and other harsh elements." [Doc. #6, p.21] Finally, Plaintiff complained that he was indirectly exposed to pepper spray when officers sprayed other inmates who were misbehaving. [Doc. #6, p.21] He also added a claim under the F.T.C.A.

## Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C.

2

1915(e)(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir. 1998).

## 2. *Conditions of Confinement*

First, in his initial complaint, Plaintiff complained that he was subjected to cruel and unusual punishment by being held in lock-down without cause. Plaintiff cannot raise a claim as to his "lock-down" or SHU classification because "a prison inmate does not have a protectable liberty or property interest in his custodial classification. <u>See</u> <u>Wolters v. Federal Bureau of Prisons</u>, 352 Fed.Appx 926 (5th Cir. 2009)(unpublished) citing <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995), <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983). Moreover, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995)(citing <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)). Plaintiff's complaint regarding placement in lock-down

3

should be dismissed.

In his amended complaint, Plaintiff complains that he had to exercise in inappropriate clothing during the winter. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff has not presented any allegation of a condition that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483. He has not alleged that he was subjected to conditions so serious as to deprive him of the minimal measure of life's necessities. He was not forced to go outdoors to exercise in freezing rain in a t-shirt. Cf., Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (inmates were forced to sleep over night outside in the cold weather without bathroom facilities). Inmates have endured more severe outdoor conditions for longer periods without the federal court's having found constitutional violations. See e.g., Gunn v. Tilton, No. 08-1039, 2011 WL 1121949, at *4 (E.D.Cal. Mar.23, 2011) (no violation where inmate remained outside for six hours in temperatures ranging from 52 to 79 degrees and

4

without access to water, shelter or sanitation facilities); <u>Reyes v. Kirkland</u>, No. 08-0813, 2010 WL 3398486, at *6 (N.D.Cal. Aug.27, 2010) (no violation when prison officials forced plaintiff to stay outside for 14 hours in his underwear in the cold during emergency cell searches without food was "inconvenient and painful" but was "not sufficiently serious to warrant relief under Farmer."); <u>Mays v. Springborn</u>, 575 F.3d 643, 648-49 (7th Cir.2009) (prisoner's complaint about inadequate winter clothing "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter."). Plaintiff has not alleged an objectively serious deprivation of his rights, nor has he described behavior on the part of the defendants that rises to the level of deliberate indifference to his well-being. Instead, Plaintiff describes the type of "occasional discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1581 (7th Cir. 1994) (<u>quoting</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981).

 Moreover, Plaintiff has not alleged any physical injury resulting from the alleged unconstitutional condition. The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

5

physical injury.  See 42 U.S.C.A. § 1997e(e).  The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  In the case *sub judice*, Plaintiff has not alleged any physical injury.

### 3. *Excessive Force*

Plaintiff complains that he was unintentionally affected by chemical spray when officers administered the spray to other inmates. He also complains that Defendant Cartrette used excessive force when conducting a pat down search, which resulted in a broken molar.

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used,

the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321) (internal quotation marks omitted). There are no allegations that Plaintiff was exposed to chemical spray maliciously or sadistically to cause Plaintiff harm. Rather, Plaintiff states that the spray was employed because other inmates were misbehaving. Thus, the use of chemical spray was clearly for the purpose of restoring order or discipline.

Plaintiff's excessive force claim from October 24, 2012, is prescribed. Because there is no federal statute of limitations, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff had knowledge of his claim in October 2012.

Equitable tolling may apply to cases filed under Bivens, for the time spent properly exhausting the BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). Plaintiff

filed a grievance with the BOP, but he did not complain about excessive force. He only complained about his placement in segregation and his pending transfer from USP-Pollock. [Doc. #6, p.28-30] Because he did not exhaust as to his excessive force claim, he is not entitled to toll the limitations period for that claim. Thus, Plaintiff had one year from October 24, 2012, to file a claim regarding excessive force. The claim is now prescribed.

### 4. *Due Process*

To the extent that Plaintiff claims he was deprived of due process, his claim also fails. First, before any process is due, the prisoner must have "a liberty interest that the prison action implicated or infringed." Richardson v. Joslin, 501 F.3d 415, 418 (5th Cir. 2007)(internal quotation marks and citation omitted). Plaintiff has not identified any liberty interest implicated here. An inmate has no liberty interest in his custodial classification. Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted). In the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause. See Hernandez v. Velasquez, 522 F.3d 556, 562-64 (5th Cir. 2008); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

*5.   Transfer*

Plaintiff complains about his transfer from Pollock to another prison. However, a prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-46 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-225 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976); <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996); <u>Jackson v. Cain</u>, 864 F.2d 1235, 1250 (5th Cir. 1989); <u>Maddox v. Thomas</u>, 671 F.2d 949, 950 (5th Cir. 1982).

*6.   Retaliation*

Plaintiff claims that he was retaliated against for making a derogatory comment to Warden Ask-Carlson. [Doc. #6, p.25] He complains that he was not allowed to eat in the dining hall with the other inmates, and he was not allowed to be in Ask-Carlson's presence after making the comment. He claims that he was placed in administrative segregation as retaliation, as well. Plaintiff claims that he had a first amendment right to make the unspecified comment to the warden.

A prison inmate only retains those First Amendment rights that are not inconsistent with his status as prisoner or with the legitimate penological objectives of the corrections system. See <u>Pell v. Procunier</u>, 417 U.S. 817 (1974). Plaintiff does not have

a constitutional right to make derogatory comments toward an officer. Moreover, "[p]rison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment." See Freeman v. Texas Dept. of Criminal Justice, 369 F.3d 854, 864 (5th Cir. 2004); see also, Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 137 (1977) (Prison administrators may curtail an inmate's ability to exercise constitutional rights to prevent "disruption of prison order," ensure stability, or to advance other "legitimate penological objectives of the prison environment.") Any derogatory comment Plaintiff made to the warden or assistant warden was not consistent with his status as a prisoner nor was it consistent with the penological objectives of the correction's system. Plaintiff's segregation and limited exposure to the officer does not run afoul of the First Amendment.

   Moreover, to state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. In this case, Plaintiff has not shown that he exercised a constitutional right, as he does not have a First Amendment right to confront officers. Prison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First

Amendment. See Freeman, 369 F.3d at 864 (citing Goff v. Dailey, 991 F.2d 1437, 1439 (8th Cir. 1993) (recognizing that a "prison has a legitimate penological interest in punishing inmates for mocking and challenging correctional officers by making crude personal statements about them in a recreation room full of other inmates")). Thus, Plaintiff cannot establish a retaliation claim.

Moreover, Plaintiff did not file an administrative grievance alleging retaliation with respect the alleged incident in 2012. Thus, this claim is also prescribed, as well.

### 7. *F.T.C.A. Claim*

Plaintiff filed an Administrative Tort Claim under Title 28 USC §2672, et seq., alleging that, on October 24, 2012, he was subjected to retaliation, discrimination, and wrongfully placed in segregation and transferred for exercising his First Amendment rights by making derogatory comments toward an assistant warden. [Doc. #6, p.25]

First, the only proper defendant in an FTCA claim is the United States. See e.g., 28 U.S.C. §§ 2671, 2679(a),(b)(1). Plaintiff did not name the United States. Regardless, even if he had, his claim still fails.

Sovereign immunity is jurisdictional in nature. See U.S. v. Mitchell, 463 U.S. 206, 212 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States.

See Hebert v. U.S., 438 F.3d 483, 487-488 (5th Cir. 2006), citing Mitchell, 463 U.S. at 212. The FTCA confers subject matter jurisdiction on district courts over negligence actions against the United States. See 28 U.S.C. §1346(b)(1). However, there are exceptions to the FTCA's waiver of sovereign immunity, which appear in 28 U.S.C. § 2680(a)-(n). The exception applicable in this case, the intentional tort exception, provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1999). To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. Truman, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that

12

conduct may also constitute another tort not listed in Section 2680(h). <u>Truman</u>, 26 F.3d at 594, and cases cited therein. Plaintiff's complaint involves intentional actions by the defendants, or actions that arose from intentional acts by the defendants.

Additionally, the claims Plaintiff attempts to raise under the FTCA are not negligence claims; rather, he attempts to raise constitutional claims under the FTCA - ie., retaliation, due process, discrimination. The FTCA waives immunity in tort only for "negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b) (emphasis added). In other words, only if Louisiana law would afford the plaintiff a cause of action against a private individual for the same conduct is that cause of action cognizable under the FTCA. The United States simply has not rendered itself liable under the FTCA for constitutional tort claims. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 478 (1994); <u>see</u> <u>also</u>, <u>Chen v. United States</u>, 854 F.2d 622, 626 (2d Cir. 1988)("The FTCA's law of the place requirement is not satisfied by direct violations of the Federal Constitution"). "The duty must arise from state statutory or decisional law" and cannot spring from federal law. <u>Delta Savings</u>

Bank v. United States, 265 F.3d 1017, 1026 (9th Cir. 2001). Plaintiff alleges the deprivation of constitutional rights, which necessarily finds its source in federal law and not state law. Plaintiff has cited no theory upon which Louisiana would impose liability under local law on a private person based on the claims alleged. Thus, Congress has not waived immunity with regard to the government conduct at issue nor the constitutional claims alleged by Plaintiff. The Court lacks jurisdiction over Plaintiff's FTCA claim.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Bivens claim be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A, and that his FTCA claim be dismissed for lack of jurisdiction.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

15